Taylor, C. J.
delivered the Opinion of the Court.
When the case of Smith v. Barnes was decided in this Court, two of my brethren felt themselves restrained, by peculiar circumstances, from taking any part in the deliberation or judgment. They have both however declared their concurrence in the reasoning and principles applied by a majority of the Court to the decision of that case; and we are all of opinion that it goes the whole length of deciding the case now before us.
The principle of that case was, that no present vested estate was devised to the heirs of Mrs. Stith, but an interest which was not to vest until the death of the first devisee, without having had issue, and, by his having children, to be altogether prevented. That the word “ heirs” must receive its technical meaning, except where it can be collected from the will: that the testator intended that the estate of the devisee should vest in interest immediately, and that by the word he intended heirs apparent, if the ancestor be then living.
It is true, that in this will the testator takes notice that Mary T. Butcher was then alive; but it does not appear that she had children then, or ever afterwards.
The remainder which was limited upon the tenancy in tail to Bell Butcher, must be either vested or contingent. It could not be vested, because Mary Turnbull Butcher had no children; and if issue had been born to her before the death of Bell Butcher, it cannot reasonably be argued that they should be excluded by those who stood presumptive heirs at the time of the testator’s death. The remainder is not limited to any definite person, but merely to those, who, upon the death of Mary T. Butcher, should be her heirs. It is limited, also, upon an estate tail, a particular freehold estate capable of supporting a contingent remainder.
*394 The ulterior termination must therefore be construed a contingent remainder, which could only become vested in the event of Mary Pantry and Mary T. Butcher dying and leaving heirs, during the continuance of the estate tail. This expired in 1777 or 1778 by the death of Bell Butcher without issue. Mary T. Butcher survived him upwards of twenty years; so that the remainder to her heirs could never vest in them.
Judgment for the Defendant.